Lloyd GRASS, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 85517.

Supreme Court of Missouri,
En Banc.

May 25, 2004.

Irene C. Karns, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Greg A. Perry, Asst. Attys. Gen., Jefferson City, for respondent.

PER CURIAM.[1]

Lloyd Grass stabbed his wife to death because he thought she was Satan. He was found not guilty by reason of mental disease or defect. *Section 552.030.*[2] He was committed to the custody of the department of mental health. Grass applied for an unconditional or conditional release. *Section 552.040.* He submitted the case on the basis of seeking an unconditional release. The trial court denied release. Reversed and remanded.

Section 552.040.5 provides: "Prior to the hearing [to determine if a person should be released] any of the parties, upon written application, shall be entitled to an examination of the committed person, by a psychiatrist or psychologist ... or a physician ... of its own choosing and at its expense...."

Both Grass and the state filed the necessary request. Dr. Richard Gowdy, di-

1. This Court transferred this case after opinion by the Court of Appeals, Eastern District, authored by the Honorable William H. Crandall, Jr. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without attribution.

2. All statutory references are to RSMo 2000.

rector of forensic services for the department, examined Grass and filed his report with the court. The department has consistently opposed Grass' release. Grass objected to the report as being done by a person with a conflict of interest and noted that his request for an examination was not granted.

■ In *State ex rel. Hoover v. Bloom*, 461 S.W.2d 841, 844 (Mo. banc 1971), this Court noted that an indigent, such as Grass, is not entitled to an examination by a professional of the indigent's own choosing. The indigent is "entitled to have an examination that is professionally independent of any influence by those having custodial control." *Id.* In order to fulfill this requirement, the judge "should convince himself that the court-appointed psychiatrist, despite any prior personal or professional relationship, can function" in an independent capacity. *Id.* This is particularly so when the department has opposed release previously and the psychiatrist is a director within the department.

■ The record here does not show that the trial judge determined the professional's capacity to function in an independent capacity. In fact, the order entered by the court simply indicates that the court "asks (begs) the state to take care of" conducting the examination. In its judgment, the court makes no finding about the independent capacity of Dr. Gowdy.

The judgment is reversed, and the case is remanded.[3]

All concur.

---

**3.** The Court takes judicial notice of the case record in the underlying case. Since Grass appealed in this case, he has filed a new request for release and independent evaluation. The motion court will be guided by this opinion in the current posture of the case.